This is case number 4-16-0526, People v. Tyon Byrd. And for the appellant is Attorney Catherine Ober. Is that how you pronounce your last name? Yes, sir. All right, thank you. And for the appellee is Attorney John Zimmerman. Good morning. Ms. Ober, are you ready to proceed? Yes, sir. You may. May it please the Court, my name is Catherine Ober, and I work for the Office of the State Appellate Defender, and I represent Mr. Tyon Byrd. Mr. Byrd asks this Court to remand his post-conviction proceedings to the trial court for a third-stage evidentiary hearing for two reasons. First, his petition was timely. And second, he made a substantial showing that he received ineffective assistance of counsel. When addressing the first portion of the argument, the timeliness issue, there are several reasons why Mr. Byrd's petition should be considered timely. And primarily, that's because he should have had three years from the date of his conviction to file a petition, and he did, in fact, file his petition in this time. Section 122-1c of the Post-Conviction Hearing Act gives a petitioner who did not, quote, file a direct appeal three years from the date of his conviction to file a petition. Mr. Byrd could not file a direct appeal because he pleaded guilty, no motion to withdraw his guilty plea was filed, and therefore the appellate court was required to dismiss any notice of appeal without considering any claim on the merits. You don't contest that the notice of appeal was filed?  The notice of appeal was filed, but the Ross Court explains that it couldn't even be considered because of the failure to file this post-plea motion, the motion to withdraw a guilty plea. The Ross Court explains that in a situation like this, where you have a petitioner who pleaded guilty, who didn't file this post-plea motion, and then files a notice of appeal, that situation is actually tantamount to no appeal at all. So even though the notice was filed, it was filed improperly, and Mr. Byrd did not actually file a proper direct appeal in this case. The Ross Court reached that conclusion when looking at the Post-Conviction Hearing Act in 2004, and that act since 1992 has given petitioners who did not file a direct appeal three years from the date of their conviction to go ahead and file this post-conviction petition. And the act has tied all of their time limits for filing a petition to actually completing a direct appeal on the merits. The Johnson Court, which the State references in their brief, their opinion doesn't change this conclusion at all because they weren't considering this issue. The Johnson Court wasn't considering what time limit would apply in a guilty plea scenario because that defendant petitioner did not plead guilty, he was found guilty, and therefore he had a direct appeal on the merits, which was resolved by the Appellate Court. And therefore, under the plain language of the act and the Court's opinion in Ross, Mr. Byrd should have had three years to file this petition, and he met that time limit. The operative language of the statute is, if a defendant does not file a direct appeal. So it's the interpretation of that specific phrase that we're concentrating on, right? That phrase and in addition to the other time limits that are listed under the act. The interpretation that you're asking this Court to take is that what's stated is, file a direct appeal should be tantamount to complete a direct appeal. And the ability to even file one, correct? Which Mr. Byrd did not have in this case because there was no post-plea motion. And Rule 6 of 4D explains that you can't even properly file a notice of appeal or file any sort of direct appeal if you don't have the motion to withdraw a guilty plea filed. Well, he filed a notice of appeal, so obviously you can file a notice of appeal. But your position is that because the Appellate Court didn't have jurisdiction to resolve the merits of the appeal? Yes. And again, the Ross Court explained that in that scenario like we have here, where a defendant improperly files a notice of appeal, which is not the phrase in the act. It doesn't specifically point to filing of a notice of appeal. It points to filing a direct appeal. And the Ross Court explains that in this scenario where there's no post-plea motion, there's basically no appeal at all. So we would ask for that interpretation of the act. And if there are no further questions on that point, under the alternative argument that we raised in our brief, and as the State reports, if a shorter deadline should have applied, if the deadline under the Post-Conviction Hearing Act that the State advocates for is appropriate, in this Court's opinion, then the petition still should have been considered because Mr. Byrd was not culpably negligent in the timeline that he filed his petition. The first reason is that the Illinois Supreme Court has construed the phrase culpable negligence broadly to allow petitioners to actually present their claims and the merits of those claims to a court. The second reason is that the culpability for this abbreviated timeline that the State advocates for did not lie with Mr. Byrd. It actually lied with admonishments from the trial court and statements from plea counsel. And what I mean by that is, again, under the State's proposed timeline, the whole triggering of the post-conviction timeline process was contingent on the filing of a motion to withdraw a guilty plea. The trial court admonished Mr. Byrd that his plea counsel remained appointed to represent him during the entire time in which he could have filed this motion. Plea counsel himself made a statement to Mr. Byrd's family that, yes, he did believe that he in fact represented Mr. Byrd for the entire 30-day time limit in which he could have filed a motion to withdraw his guilty plea, yet he didn't do so. And this court held in Miffin that the trial court would not be able to consider any sort of pro se motion filed by Mr. Byrd while he did in fact remain represented by counsel. So the culpability for the triggering event of the shorter time limit lies, again, with statements from the trial court and from plea counsel and not Mr. Byrd. The final reason that the petition should have been considered in this case is that post-conviction counsel provided unreasonable assistance in failing to amend the post-conviction petition to make either one of these timeliness arguments. Rule 651C required post-conviction counsel to amend the petition to overcome any procedural timeliness bar, and she didn't do so here, and therefore this petition should be considered timely. If there are no further questions on the timeliness issue, that brings me to the second portion of my argument. Mr. Byrd did in fact make a substantial showing that he received ineffective assistance of plea counsel. And plea counsel was ineffective for three separate reasons, any one of which, if the court found ineffectiveness, would entitle Mr. Byrd to an evidentiary hearing in this case. The first reason that plea counsel was ineffective is for advising Mr. Byrd to plead guilty to the attempt count. And that's because the state did not, and based on the record we have, could not show that there was a factual basis for this charge. The state charged Mr. Byrd with attempted armed robbery with a firearm, and therefore they would have needed to put forth some evidence in their factual basis that he in fact was armed with a firearm. But they didn't do so at the plea hearing. What about when they were first called upon to give the factual basis, and they say something along the lines of there were a string of armed robberies, and one of those was and names the one at issue here, is that enough? No, Your Honor, not in this case. Because the state actually detailed pretty clearly, listed the nature of the counts, listed the locations of the string of armed robberies, listed the first four, then talked about the attempt count, which is what is at issue now, and then talked about the final charge of armed robbery with a firearm. And when you look at the factual basis in its entirety, it shows that there was no reference at all made to a gun being used specifically for the attempt counts. And additionally, when you look at the post-conviction petition, there is a grand jury transcript proceedings attached to the post-conviction petition, where the state's detective actually testified that the perpetrator of this attempt count did not in fact display or have access to a gun with this particular count. So again, it would be with the specific intent count, excuse me, attempt count. So there wouldn't be a sufficient factual basis specifically for the charge of attempted armed robbery with a firearm, and therefore counsel is ineffective in advising Mr. Burt to plead guilty under these circumstances. And the Armstrong Court explains that just the showing satisfies both prongs of the strict and ineffective assistance of counsel analysis. The second reason that counsel was ineffective is in advising Mr. Burt to plead guilty to the final count, the final charge of armed robbery with a firearm, because he did so without investigating Mr. Burt's alibi. The state purports that the final charge of armed robbery with a firearm occurred on July 20, 2010, which is the exact same day that Mr. Burt's son was born. So affidavits attached to the post-conviction petition from Mr. Burt and from his mother show that on this specific date, Mr. Burt was at the hospital the, quote, entire day on July 20, 2010. Further, the affidavit from Mr. Burt's mother shows that she relayed some of this alibi information to plea counsel and asked him to investigate it, but he never did. And counsel would be ineffective or deficient in his performance in failing to investigate an alibi. And it's particularly important that he investigated the alibi for this specific charge, because the state's evidence is relatively weak on this count. The only evidence that the state put forth at the plea hearing that would, in fact, identify Mr. Burt as the perpetrator of this specific charge of armed robbery with a firearm would be an identification from an accomplice to some of the other strain of armed robberies which he mentioned. And this court has held that accomplice testimony is inherently weak. So it was important for plea counsel to investigate the alibi to the specific charge that occurred on a separate date. How does other charges that may have been dismissed come into play in determining whether or not there was ineffective assistance to counsel? There were multiple other charges that were dismissed. Is that correct? Yes, there were. There were other charges and other case numbers that were dismissed as part of the plea. And that brings me to, I guess, the final reason and the overarching reason that counsel is ineffective. The court needs to look to whether there is a reasonable probability that Mr. Burt would have withdrawn the plea, taking into consideration that there were these other charges. The reason that there's a reasonable probability Mr. Burt would have withdrawn his plea here, even if he had to withdraw the entire thing, is because of the relative severity of those charges and the way that the sentence was structured. So the charge of armed robbery with a firearm is very severe. It's Class X. The other charges that Your Honor mentioned were much less severe. They involved traffic offenses, they involved misdemeanors, and other types of non-Class X charges. So there's a reasonable probability that Mr. Burt would want to withdraw his plea to this very serious charge, even if there was the possibility that he would be facing prosecution for a less severe charge. Residential burglary, aggravated domestic battery. Those are some of the charges, yes. There's also misdemeanors. There's also misdemeanors. The Class I residential burglar is the most severe class of offenses, I believe. And that is still less severe than the charge of Class X, armed robbery with a firearm. So those charges that you identified, yes, are the most severe. In addition, misdemeanor, domestic battery, another misdemeanor, a low theft charge, and misdemeanor cannabis charges, which are all much less severe, and then traffic offenses. And what about the issue of concurrent versus consecutive sentencing? Yes. So the way that Mr. Burt's plea was structured, he was required to serve consecutive sentencing under the plea. But when you look at the sentencing code, Section 5-8-4D, which talks about the reasons for mandatory consecutive sentencing, and you look at the information that we have in the record right now, there's no indication that if Mr. Burt went to trial, he would actually be required to have consecutive sentencing. So again, it would be reasonable to conclude that he would withdraw his plea to sort of take these consecutive sentences off the table, because even if he was convicted of, say, just some of these counts at trial that were involved in the plea, he could have concurrent sentencing and end up serving less time overall in prison. So that's another reason that there's a reasonable probability that Mr. Burt would want to withdraw his entire plea. And again, that ties into the final reason that counsel was ineffective. Plea counsel for failing to actually move to withdraw, excuse me, file a motion to withdraw the plea under these circumstances. And for all those reasons, Mr. Burt would argue that he made a substantial showing that he received ineffective assistance of counsel. And if there are no further questions, Mr. Burt would ask that his post-conviction proceedings are remanded to the trial court for a third stage evidentiary hearing. Thank you. All right. Thank you. Mr. Zimmerman, response? May it please the court, counsel, good morning, your honors. My name is John Zimmerman from the Fourth District Appellate Prosecutor's Office here on behalf of the state. I'll follow in a similar order as counsel previously did, unless your honors have any questions or would like me to go somewhere else. Here the timeliness issue is the first issue to discuss. The state's position is that the trial court did not apply the wrong provision of the act's deadline regarding the defendant's post-conviction petition. The defendant argues he had three years to file his post-conviction petition. However, the act is quite clear if you look on the state's brief on page four. It sets forth three scenarios that it could possibly apply. The first involves filing a writ to the United States Supreme Court, which did not occur here, so that scenario is out. The third involves, as your honor was getting out, Justice Harris, whether a defendant filed a direct appeal. Here the defendant did file a direct appeal, so that negates scenario three. Thus the only scenario left is the second one, which requires the alternative argument to apply that counsel set forth in the brief. Now in regards to that scenario three not applying, in Johnson, the Illinois Supreme Court explicitly stated, the statute even provides a three-year deadline for filing a petition when no notice of appeal is filed. Notice of appeal is explicitly stated there. As such, the state requests this court to follow the Illinois Supreme Court's precedent. Yes, that case is a little bit factually different, but the Supreme Court was discussing in depth the different deadlines that apply under the Post-Conviction Hearing Act. Moreover, as counsel noted, Ross, this was a 2004, I believe, second district case. It occurred over ten years ago. It was a different version of the Post-Conviction Petition Hearing Act, although not substantially different for any reasons. Moreover, recently the first district, although this is an unpublished case, I'm just stating it for persuasive authority to support my position. It's Bradshaw, 2018, ILLAP 1-152989. The defendant filed a notice of appeal, but chose to later voluntarily dismiss this appeal. As a result, the appellate court held that the fact that the defendant chose not to litigate his appeal does not mean that he did not file a direct appeal as contemplated by Section 122-1C of the Act. So this is a Rule 23 case? Yes. That shouldn't be cited for precedential value? Correct. I'm just citing it for persuasive value, if this Court would. What's the difference between persuasive value and precedential value? You do not have to cite the case for support, you can just follow the persuasive arguments they make. As a result, this Court should affirm the trial court's finding of untimeliness. Moreover, regarding defendant's culpable negligence, here is defendant's burden to prove that he was not culpably negligent. This means something greater than ordinary negligence and is akin to recklessness. Here, defendant's failure to determine the proper deadline scenario was a result of his own culpable negligence, as ignorance of the law is not an excuse. Moreover, the Post-Conviction Protecting Hearing Act clearly states, Scenario 3, the three-year deadline only applies when defendant does not file a direct appeal. It was defendant here who pursued a direct appeal, thus he was clearly on notice that Scenario 3 does not apply and he had the abbreviated deadline. Moreover, defendant failed to show he diligently prepared his post-conviction petition, as it was filed over six months past the due date of Scenario 2. This was clearly something greater than ordinary negligence. And defendant's main argument in this issue hinges on the notion that he was not culpable for the triggering event and that it was the trial court and plea counsel's fault. In other words, it was these incorrect admonishments that prevented him from pursuing a direct appeal, which caused the abbreviated deadline. However, as previously stated, defendant was culpable for the triggering event that caused this abbreviated deadline. Defendant was properly admonished of his appeal rights. The court properly admonished him? Yes. When the court said that you will still have this attorney for 30 days, and if the attorney files a notice of appeal, that was the proper admonishment? Although it was not explicitly proper, I would say that the trial court substantially applied with setting the defendant on notice of his appellate rights. And if you would consider that incorrect, then counsel further clarified in the email that he sent to defendant's mother, where he told the defendant's mother, if defendant wanted to withdraw his plea, he had to file a pro se motion, and then counsel would get that pro se motion and file his own motion. So I know there were some procedural issues going on there, but I think the intent of the law, which is to admonish defendant properly of his appeal rights and ensure he knows what he has to do and that he follows that, I think those were all covered with those admonishments. As a result, defendant was in fact culpable for the triggering event that caused this abbreviating deadline as he attempted to pursue the direct appeal himself. I'm sorry, counsel, I know you moved on, but I just want to be clear here. So when the court said to the defendant, plea counsel remains your appointed counsel for the next 30 days, and if he filed a motion like that, referring to the motion to withdraw the plea of guilty, on your behalf, we'd hold a hearing on it, about it, and if I thought you had a good legal reason, I would let you take the plea back. So is your position that is a proper admonishment? I'd say it's a substantial compliance with the admonishments. I know there are some issues with it, but even OSAD in their motion to dismiss admitted that the trial court properly admonished it. I'm just asking you, is that a proper admonishment? So you're saying you believe it reflects at least at a minimum substantial compliance? Yes, Your Honor. In regards to the post-conviction counsel unreasonable assistance claims, as a result of my prior arguments, the State's position is that there was no unreasonable assistance because post-conviction counsel did correctly identify the proper time limit, Scenario 2, and as it was the defendant who was culpably negligent for the timeliness, post-conviction counsel did not provide unreasonable assistance to the defendant as a result. In regards to the second issue in these briefs, this is whether a defendant made a substantial showing that he received the ineffective assistance of the counsel. The State fails that the defendant failed to prove these showings. To establish the ineffective assistance on a guilty plea, the defendant must show that obviously counsel's performance was objectively unreasonable and that it was reasonably probable that, but counsel's deficient performance, the defendant would have not pleaded guilty and would have insisted on going to trial. The defendant fails to prove both wrongs. In regards to the first issue, it's the sufficient factual basis for the guilty plea on Count 5. As set forth in the State's brief on page 20 to 21, the factual basis is set forth verbatim, and as Your Honor, Justice Holderwhite stated, the State began by saying there were a number of armed robberies that occurred throughout four months. This attempt at armed robbery was within those four months, although when they explicitly discussed that count, they didn't say whether he had a gun or not. The overall context of the factual basis shows that he did. Moreover, there were handguns that were found. The defendant's DNA was on one or both of the handguns, and notably the accomplice would testify that Mr. Buchanan, the accomplice, did in fact acknowledge his part in the armed robberies and did in fact identify the defendant as his accomplice or the second individual in the robberies and matched the photos of the two that were done singularly by one individual, which was the defendant. So as a result, the State did show a proper factual basis for Count 5, and plea counsel was not ineffective for informing defendant to plead guilty to that. Moreover, the record for the evidence is that defendant's plea was knowing and voluntary. Before he accepted his plea, the trial court asked if he had any questions. Defendant stated no. Defendant stated he had not been forced, threatened, or coerced by any person regarding these. Defendant, common sense would show why would you plead guilty to offense that you didn't commit. If defendant didn't commit it, he could have chose to not plead guilty. As a result, regarding factual basis, plea counsel was not ineffective. The second ineffective claim was regarding the investigation of the supposed alibi. Defendant argues that plea counsel failed to investigate this. The State disagrees. The record evidenced that plea counsel was in communication with defendant's mother throughout the proceedings below. The day after the plea, he sent her an email. Later at a post, I think it was the sentencing hearing, he stated to the trial court that he had numerous discussions with the defendant's mother regarding the case and her son. Notably, the defendant's mother was one of these alleged alibi witnesses. Clearly, when looking at the record, the overall record, there is no evidence to support the notion that counsel properly investigated the defendant's case. Moreover, the supposed alibi testimony does not negate the possibility that defendant could have briefly left the hospital. Again, there is accomplice testimony stating that this man was the defendant that supports, or I should say contradicts, these alleged alibi testimonies. Moreover, defendant cannot show prejudice in regards to any of these counts. Here, the evidence against him was overwhelming. There was DNA evidence, as I previously stated, accomplice testimony, and this does not present a reasonable probability that the defendant would have, but not guilty, insisted on going to trial. Getting to the last issue, plea counsel did not provide the ineffective assistance of counsel by not moving to withdraw defendant's plea. As Your Honor was getting to, there's no reasonable probability that defendant would withdraw his plea in this case. He had all these other charges against him. He even stated in his post-conviction petition that he only wanted to plead guilty to the four armed robbery charges that he committed instead of six. However, there's no assurance that the state would even allow him to enter back into a plea. He could withdraw his plea and then, for example, only go to trial on those four armed robbery charges, but he could still get a more severe sentence than the 34-year sentence that he was sentenced to with the plea. Further, he received the benefit of the bargain of this plea deal by having all these other counts dismissed against him, so it would not be rational for him to withdraw his plea, get a more severe sentence on these four potential counts, and maybe even these countless other cases that are charged against him. Clearly, counsel continues to talk about the mandatory consecutive sentencing guidelines, but there are also permissive consecutive guidelines that the trial court could apply in this case, and based on all the violent crimes that he's committed, these multiple class X felonies, it would be very understandable to see why the trial court would sentence him to a much more severe sentence as he is clearly a threat to the public and the community. All this evidence is the fact that the defendant rejecting the plea would have been irrational under the circumstances, or rational under the circumstances, and would not have insisted on going to the trial, nor be successful at trial. As a result, the defendant has failed to prove the ineffective assistance of counsel. Accordingly, the defendant's post-conviction petition failed to make a substantial showing of a violation of his constitutional rights as he received the effective assistance of counsel, and the record refutes his claims. He entered the guilty plea knowingly and voluntarily, with full knowledge of the charges against him, his participation in the crimes, and that he would be entering this deal with the other countless charges dismissed against him. As a result, the state would request this court to affirm. If there's no further questions, the state will rest. Thank you, Mr. Chairman. Ms. Ober, rebuttal argument? I just have a couple points I wanted to address in response to counsel's argument. First, that is dealing with the timeless issue, and counsel's citation to Bradshaw and Johnson, in regards to their interpretation of the Post-Conviction Hearing Act. As Your Honor noted, Bradshaw would not be a precedential opinion. It was not cited in the briefs. The precedential opinion, Ross, the 2004 appellate court case, when analyzing this exact issue, concluded that the appropriate time limit under the act would be the three-year time limit, when considering almost the exact same factual scenario here. A guilty plea situation where there's no motion to withdraw a guilty plea, and so any notice of appeal needs to be dismissed. And none of that, just to be clear, applying Ross is not inconsistent with Johnson, because Johnson wasn't considering this precise factual scenario. And the sentence that counsel points out, again, would not be inconsistent with the ruling in Ross, the reference to the filing of the notice of appeal. Again, the Post-Conviction Hearing Act ties the time limit to the filing of a direct appeal. It doesn't use the language, file a notice of appeal. And as Johnson notes, that would be one way where one would not file a direct appeal. So applying Ross is nothing that would be, and the plain language of the act would not be inconsistent with Johnson to conclude that the three-year time limit applied to this fact scenario. And I did also want to address, on the second issue, the fact that Mr. Bird made a substantial showing that he received ineffective assistance of counsel. The Armstrong Court makes clear that it's ineffective, both deficient performance and prejudicial, if someone is advised to plead guilty to an offense they did not commit, that the state could not provide a factual basis for. And therefore, for those reasons, if counsel, again, on the final two counts, advised him to plead guilty to charges where there was not a factual basis, or that he would have had an alibi for, that would be ineffective assistance. The information that counsel points to about the communication with Mr. Bird's mother in this case, again, there's nothing in the record showing that that communication actually resulted in counsel investigating this alibi before he advised Mr. Bird to plead guilty. And again, there's no evidence in this case, if you look at the plea as a whole, that Mr. Bird would be required to serve any sort of mandatory consecutive sentencing. At this point, there has not been any development in the record that he would even be eligible for. Concurrent, excuse me, permissive consecutive sentencing. Again, that's something that may be developed at an evidentiary hearing, but when you look at the record at this point, it does not indicate that Mr. Bird would be subject to consecutive sentencing if he withdrew his entire plea because of these instances of ineffective assistance of counsel, and had to face charges on these other counts. And for all those reasons, if the court has no further questions, Mr. Bird would ask to remand to the trial court for a third stage evidentiary hearing. Thank you.